## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER JOSEPH MADAIO,** | ) |
| | ) |
| **v.** | ) **5:08-CV-8027-VEH** |
| | ) **5:05-CR-561-VEH** |
| **UNITED STATES OF AMERICA** | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed findings and recommendation on July 28, 2009, recommending that the motion to vacate be denied. The movant was granted an extension in which to file objections, and did so on September 8, 2009. (Doc. # 23).

In his objections, Madaio withdraws his first, second, and fourth claims. (Doc. #23 at 4, 8). He then explains that he intended to proceed on a "modified" claim three[1] and a "refined" claim five. In Madaio's third claim, he contends that conditions five and six of his supervised release are an *ex post facto* violation because they retroactively apply more stringent requirements of SORNA, enacted on 7/26/06, to his sentence, which was imposed after he committed the crime and was sentenced. In his fifth claim, he asserts that his conviction for Count One, possession of Child Pornography, violates the double jeopardy clause of the Fifth Amendment based on his simultaneous conviction for

---

[1]    It should be noted that Madaio's third claim was predicated on the court granting his first claim of ineffective assistance of counsel, which he has now waived.

the greater offense of Count Two, Receipt of Child Pornography.  Neither claim warrants

relief.

First, the court concurs with the recommendations of the magistrate judge, and

finds that Madaio's *ex post facto* claim is barred by the valid appeal waiver.

Second, the court finds that Madaio's double jeopardy argument is both time-

barred and without merit.  The court rejects  Madaio's argument that his fifth claim is

timely because it was filed within one year of the decision in *United States v. Davenport*,

519 F.3d 940 (9th Cir.2008), which held that the double jeopardy clause barred entry of

separate convictions for receiving and possessing the same images of child pornography.[2]

While that case was not published until March 20, 2008, the argument existed prior to

that date.  Moreover, Madaio was aware of the case when he filed his original motion;

Madaio referred to the case - without raising the claim - in his initial, timely filed motion.

In any event, Madaio has not established that his two convictions violate double

jeopardy; not all convictions for both possession and receipt of child pornography violate

double jeopardy.  Where, as in this case, separate conduct can support each offense, the

Fifth Amendment's Double Jeopardy Clause is not implicated. *United States v. Overton*,

---

[2] The holding in *Davenport* has been acknowledged by at least two courts in the Eleventh Circuit. See, *United States v. Bobb*, 577 F.3d 1366 (11th Cir. 2009); *United States v. McCain*, 2009 WL 1405520 (M.D. Ala., May 19, 2009) (NO. 2:08-CR-156-WKW). In both cases, the Court agreed with the premise of Davenport, but found that the facts were distinguishable because the defendant's convictions and sentences were based on two distinct offenses, occurring on two different dates, and proscribed by two different statutes; in *Bobb*, the evidence at trial proved that Bobb received child pornography on November 12, 2004, by downloading the seven zip files from a website, and, in August 2005, he possessed over 6,000 additional images.

567 F.3d 1148 (9th Cir. 2009). The government's evidence consisted of 691 images of child pornography which had been received between July 18, 2000 and October 21, 2004. Pursuant to the negotiated plea agreement, Madaio pleaded guilty to receiving pornography between the dates of April 30, 2003 and October 21, 2004, as well as possessing child pornography on October 21, 2004. The government dismissed the count charging Madaio with receiving child pornography between the dates of July 18, 2000 and April 29, 2003. Madaio has not established that all of the pornography he possessed on October 21, 2004 had been received by him between July 18, 2000 and April 29, 2003.

Thus, having carefully reviewed and considered *de novo* all the materials in the court file, the Court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**. Accordingly, the motion to vacate is due to be **DENIED**. A Final Judgment will be entered.

As to the foregoing it is **SO ORDERED** this the 20th day of October, 2009.

**VIRGINIA EMERSON HOPKINS**
United States District Judge